Same Case. — On a Re-heaRing.
In the opinion of the court, it is stated that the claim of R. P. Gaillard &. Co., was presented to the Judge, and ordered to be ranked among the acknowledged debts of the succession. This is a mistake. It was never presented to the Judge.
Sigur, on the same side.
Labauve, contra.
Art. 986, of the Code of Practice, provides that, “ If the claim be not liquidated, or if the curator or administrator have any objection to it, and consequently refuses to approve it, the bearer may bring his action against the curator or administrator, in the ordinary manner, before the Court of Probates where the succession tvas opened, and may obtain , udgment in the same manner as in other courts.” The claim of R, P. Gaillard & Co., was liquidated, and admitted by the executor. They had, consequently, no right to sue thereon ; and the principle, contra non valentón, &c., applies to them. Were the Judge even to refuse to approve the claim, and to order it to be ranked among the acknowledged claims against the succession, the creditors could not sue the executor,.
SimoN, J.
A re-hearing was granted in this case, in relation only to the overruling of the plea of prescription set up by the administratrix against the claim of R. P. Gaillard & Co., founded upon a note of hand executed by the deceased, made payable on. the first day of March, 1834, (the defendant was appointed ad-ministratrix in February preceding,) and at the foot of which, the administratrix, op the 13th of June, 1834, wrote the following declaration ; “ Je rCai aucune objection a ce que ce billet soit payé par la succession concurremment avec les autres crcan-ciers de ladite succession,” Hence, it has been contended, on the part of the opposing creditors, that their claim could not be prescribed, as it was acknowledged by the administratrix, who was bound to place it upon the tablemi; and that, having done all that the law required them to do, the prescription was suspended, or interrupted as long as the estate was not finally settled. Qn the other hand, it has been insisted that the acknowledgment of the administratrix, amounted at most to an interruption of the prescription then running against it, and that the only effect of such acknowledgment, was to cause the prescription to, begin anew from the date of the written declaration of the administratrix.
We are free to confess, that the question here presented is nota very clear one. The opponents suffered their claim to lay dormant for a period of more than ten years, after procuring the acknowledgment of the administratrix. It is not shown that they ever called upon her to file a tableau, and it is only when .she filed the account of her administration, and sought to obtain her discharge, that they awoke from their slumber, and attempted to make opposition to her demand.
*514 As we have already said, prescription runs in favor of a succession against its creditors, and may be opposed to their claims, whenever they have failed to make themselves known ; to assert their claims against the executor, curator or administrator, in the manner pointed out by law ; and have taken no step to interrupt it. Those steps consist in presenting the claim to be acknow-lodged by such administrator or curator, if it be liquidated, who is to write on the evidence thereof, a declaration that he has no objection to its payment, (this has been done in this case,) and in submitting the same to the Judge, that he may order it to be ranked among the acknowledged debts of the succession. “ Le porteur de la créance la fera riser par le Juge,” (this has not been done here,) Code of Pract. art. 985 ; and if the claim be not liquidated, or the executor or curator objects to it, in bringing an action against the latter, in the ordinary manner, and obtaining judgment upon it; (Code of Pract. art. 986 ;) — in both cases; the creditor, who has obtained a judgment, or the acknowledgment of his debt, (le visa de sa créance,) can only obtain the payment thereof, concurrently with the other creditors. Code of Pract, art. 987. He must wait until a tableau of distribution is presented. Code of Pract. art. 988. But he may demand that the property of the succession be sold for cash. Code of Pract. art. 990. The administrator cannot be compelled to pay the ordinary debts until the expiration of three months. Code of Pract. art. 1054. Civ. Code, art. 1167. When the time for payment of the debts has expired, he must present his account or tableau, in which he ought to put down the creditors who have made themselves known. Civ. Code, art. 1168- But ten days after the classification and order of payment fixed by the Probate Court, and as often as required by a majority of the creditors, it is his duty to account and pay over to each of the creditors, his proportion of the sums which he may have in his hands, and in default thereof, after due notification, execution may issue against him personally. Code of Pract, art. 993. If the administrator has no funds in his hands, he must then inform the Sheriff of the fact; (Code of Pract. art. 1055 ;) but the creditor may compel him to prove the truth of his declaration ; (Code of Pract. art. 1056 ;) and if said administrator fails or neglects to pay the *515 amount due, or to prove that he has no funds in his hands, then bis property shall become liable to satisfy the execution that may issue against him. Code of Pract. art. 1057,
Now, is it not clear, that, although a creditor can only obtain the payment of his claim concurrently with the other creditors, yet he cannot be considered as one of those persons to whom the legal maxim, “ contra non valentem agere non currit prescrip-tio,” is applicable? He must wait for three months, and cannot issue his execution, if he has obtained a judgment; but does not the law authorize him to act, if the administrator fails to comply with its requisites ? See B. &. C.’s Digest, 2. 3. Case of the Succession of Williams, yet unreported. His hands are not tied; his remedy is explicitly pointed out; and, if he remains inactive and does not present his claim, or, if after having presented it and obtained the acknowledgment of his claim by the administrator, he does not pursue the course pointed out by the law, and permits the prescription to run out from the time of such acknowledgment, can he.be allowed to hold the succession, or the administrator, liable forever ? We think not; the acknowledgment of the administrator amounts, undoubtedly, to an interruption, but like all other interruptions, it does not prevent the prescription from beginning anew, and from continuing to run until the expiration of the time necessary to prescribe. A similar doctrine is entertained by Troplong, Prescription, No. 719, in which he says: “ Si les operations de lafaillite languissent, il faut les activer et presser les repartitions. Loin done que la faillite comporte un état d’inaction forcee, elle oblige au con-traire le crSancier a f aire les diligences les plus actives. Aussi n’y a-t-il de suspension a aucune de ses phases, et il a été juge avec grande raison par la cour de cassation que la prescription interrompue par les actes dont nous venons de parler recommence a compter des derniSres diligences et reprend son cour» rSgulier.” See also Sirey, 1S32, part 1, 537. Ib. 1836, part 1, 841.
We conclude, therefore, that, in our opinion, the Judge, a quo, has erred in overruling the plea of prescription set up by the ad-ministratrix, against the claim of R. P. Gaillard & Co., and that said plea ought to have been sustained.
*516 it is, therefore, ordered, that with regard to the claim of R. P. Gaillard & Go., our former judgment be changed and amended ; that the judgment appealed from be, in this respect, avoided and reversed; and that the plea of prescription set up by the admin-istratrix be sustained, with costs in both courts. And it is further ordered that, as the said plea of prescription is sustained with regard to all the opposing creditors, there be a final judgment in favor of the administratrix, against them, without remanding the case as previously ordered.